# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ANNA STOKLOSA INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, <br><br> *Plaintiff*, <br><br> v. <br><br> STUPP BROS., INC., d/b/a STUPP CORPORATION, <br><br> *Defendant*. | Case No.: <br><br> Judge: Hon. <br><br> **JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND

Plaintiff Anna Stoklosa ("Plaintiff") by her undersigned attorney, *on her own behalf and on behalf of all others similarly situated*, upon personal knowledge as to herself and her own acts, and upon information and belief as to all other matters, brings this putative class action against Defendant Stupp Bros., Inc ("Stupp" or "Defendant"), and alleges as follows:

### NATURE OF THE CASE

1. Defendant Stupp Bros., Inc. operates, *inter alia*, manufacturing and support for oil and gas pipelines throughout several states, including Louisiana.

2. Stupp has various manufacturing facilities including the Spiral Mill facility and the HFW Mill facility, both located in Baton Rouge, Louisiana (collectively, the "Manufacturing Facilities").

3. The Manufacturing Facilities produces, *inter alia*, oil and gas pipelines.

4. The Manufacturing Facilities employed approximately 300 employees who were subject to a mass layoff.[1]

---

[1] See, http://www.laworks.net/Downloads/WFD/WarnNotices2020.pdf (last visited March 16, 2021)

1

5. Plaintiff and the other former employees of the Manufacturing Facilities received a letter in the mail in dated August 24, 2020, which informed them that layoffs would occur from October 24, 2020 through November 7, 2020.

6. The letter stated that, as a result of market conditions and forecasted operating levels, plant operations would be curtailed, more than one third (1/3rd) of Stupp's workforce would be affected, and that layoffs could exceed six months in duration.

7. Notably, through the August 24, 2020 letter, Stupp acknowledged that 60 days' notice would be, at least, October 24, 2020.

8. However, on September 17, 2020, Plaintiff and numerous other employees were terminated well in advance of the October 24, 2020 date.

9. Plaintiff was not given a full 60 days' notice of the impending mass layoffs or her resultant loss of employment.

10. Accordingly, Plaintiff brings this putative class action under the Worker Adjustment and Retraining Notification Act (the "WARN Act" or "Act"), as codified at 29 U.S.C. § 2101 *et seq.*, to recover her unpaid wages and benefits, and those wages and benefits due to all others similarly situated, as a result of Stupp's acts in violation of the WARN Act.

## THE PARTIES

11. Plaintiff Anna Stoklosa ("Plaintiff" or "Ms. Stoklosa") is a citizen of Denham Springs, Louisiana and at all relevant times was employed at the Manufacturing Facilities.

12. Defendant Stupp Bros., Inc. is a Missouri Corporation registered to do business in Louisiana under the trade name Stupp Corporation. It has its corporate headquarters and manufacturing facilities located at 12555 Ronaldson Road, Baton Rouge, Louisiana 70807. It may be served through its registered agent, Corporation Service Company, 501 Louisiana Ave., Baton Rouge, Louisiana 70802.

## JURISDICTION AND VENUE

13. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because this civil action arises under the laws of the United States and pursuant to 29 U.S.C. § 2104(a)(5), which permits any person seeking to enforce any provision of the WARN Act to institute a lawsuit in "any district court of the United States for any district in which the violation is alleged to have occurred, or in which the employer transacts business." *Id.*

14. This Court can exercise general personal jurisdiction over Defendant because it is actively engaged in ongoing and systematic business within the District – its corporate headquarters and manufacturing facilities are located in Baton Rouge, Louisiana. This Court can exercise specific personal jurisdiction over Defendant because the acts giving rise to this cause of action – Defendant's violation of the WARN Act – occurred at the Manufacturing Facilities located in Baton Rouge, Louisiana.

15. Venue is proper in the Middle District of Louisiana pursuant to 28 U.S.C. § 1391(b)(1) because Defendant is deemed to reside in the Middle District of Louisiana as per 28 U.S.C. § 1391(c)(2); and, pursuant to § 1391(b)(2) because all of the events giving rise to this action occurred within the Middle District of Louisiana.

## FACTUAL ALLEGATIONS

16. Stupp Bros., Inc. is a privately held corporation operating a number of subsidiary businesses engaged in the business of manufacturing and servicing pipes for the transportation of oil and gas.

17. Stupp Corporation is a trade name used by Stupp Bros., Inc. for its business dealings in Louisiana wherein it operates its main manufacturing facilities and, prior to the acts described herein, it employed approximately 300 individual employees.

18. On or about September 1, 2020, Ms. Stoklosa received a letter in the mail (dated August 24, 2020) purporting to be a WARN Act Notice (the "Notice"). A true and correct copy of the Notice is attached hereto as Exhibit A.

19. The Notice was dated August 24, 2020 and represented that Stupp would be laying off more than one-third (1/3rd) of its workforce and that such layoffs would exceed six months in duration. Ex. A, ¶ 1.

20. The Notice further stated that while no exact date for the layoffs had been established, the layoffs would take place between October 24, 2020 and November 7, 2020 – at least 60 days or more from the Notice's date.

21. In the coming days Plaintiff would inquire with her supervisor about her future employment and in one such conversation her supervisor represented that they believed that the last day would be on or about September 29, 2020.

22. However, on September 17, 2020, Plaintiff was laid off along with other employees – all in violation of the WARN Act.

23. Ms. Stoklosa was terminated approximately 37 days before October 24, 2020, the date provided in the Notice and less than 16 days following her receipt of the Notice.

24. All of the employees at the Manufacturing Facilities received the Notice in late August or early September 2020, alerting them to the facility's impending layoffs and providing the statutorily required 60 days' notice that they would effectively be terminated.

25. All or nearly all of Stupp's employees were effectively terminated in September 2020, in violation of the WARN Act.

26. Neither Plaintiff nor any other employee or class member was warned of the Manufacturing Facilities' impending layoffs or their respective September 2020 termination dates, including Defendant's plan to violate the WARN Act.

27. Stupp was obligated to pay Plaintiff and all other similarly situated employees back pay and benefits for each and every day its employees were terminated before the 60-day notice period required by the WARN Act had run.

28. Stupp failed to pay Plaintiff and other similarly situated employees either severance or the back pay and benefits due to them during the 60-day notice required by the WARN Act.

## CLASS ACTION ALLEGATIONS

29. Plaintiff brings this action pursuant to the WARN Act, and Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of herself and approximately 300 individuals employed at the Manufacturing Facilities who were terminated without cause and without the statutorily required 60 days' notice required by the WARN Act, in or around September 2020.

30. The class of similarly situated individuals, shall be referred to herein as the "Class" unless otherwise indicated. Plaintiff reserves the right to add, amend, modify, or further define the Class or any subclasses and/or to move for certification of the class(es), including subclasses, defined either as set forth herein or differently depending on the facts and/or law as discovered during the course of this action.

31. Plaintiff asserts a claim against Defendant individually and on behalf of all Class members for violations of the WARN Act as set forth *infra*.

32. The members of the Class are ascertainable from objective criteria.

33. If necessary, to preserve the case as a collective or class action, the Court itself can redefine the Class, create additional classes or subclasses, or both as the need may be.

34. The requirement of Rule 23(a)(1) is satisfied for the Class because the members of the Class are so numerous and geographically dispersed that joinder of all its members is impracticable. The exact number of members and identity of each and every member is unknown at this time, but approximately 300 individuals were employed at the Manufacturing Facilities and, many, if not all of these individuals were terminated without cause or notice. Accordingly, the "numerosity" requirement of Rule 23(a)(1) is met.

35. The requirement of Rule 23(a)(2) is satisfied because there are common questions of law or fact within this lawsuit which extend to Plaintiff and all other members of the Class. Moreover, these questions of law and fact predominant over any issues affecting only an individual member or members of the Class. Those common questions of law and fact are, among other:

   a. whether Plaintiff and other similarly-situated individuals were employed by Stupp;

   b. whether Plaintiff and other similarly-situated individuals suffered a loss of employment;

   c. whether Stupp ordered this employment loss;

   d. whether Stupp was obligated to provide Plaintiff and other similarly-situated individuals notice of the Manufacturing Facilities' layoffs under the WARN Act;

   e. whether Stupp provided statutorily proper notice of the Manufacturing Facilities' layoffs pursuant to the WARN Act; and

   f. whether the Stupp can avail itself of any potential defenses under the WARN Act.

Accordingly, the "commonality" requirement of Rule 23(a)(2) is met.

36. The requirement of Rule 23(a)(3) is satisfied because Plaintiff's claims are typical of the claims of the Class because, the claims arise from the same course of conduct and actions by Stupp and are based on the same statute and legal theories. Further, Plaintiff and the Class have sustained the same legal injuries due to Defendant's conduct, and they seek the same relief for themselves and the Class. Accordingly, the "typicality" requirement of Rule 23(a)(3) is met.

37. Because Plaintiff's claims are typical of the Class, Plaintiff has every incentive to vigorously pursue those claims. Plaintiff has no conflicts with, or interests antagonistic to, the Class. Plaintiff is a victim of Stupp's illegal and unscrupulous acts and practices, including these violations of the WARN Act, and is committed to the vigorous prosecution of her claims – as evinced by her retention of counsel that is both competent and experienced in complex civil and class action litigation, including litigating other WARN Act class actions. Accordingly, the Plaintiff will fairly and adequately protect the interests of the Class as required by Rule 23(a)(4).

38. The requirements of Rule 23(g) are satisfied because the undersigned counsel is qualified to serve as counsel for Plaintiff and the Class. Plaintiff's counsel (a) has identified and thoroughly investigated the claims set forth in this complaint; (b) has been and is currently prosecuting numerous complex labor and employment and class action litigation; (c) has significant knowledge of the applicable laws and procedures, as acquired through its substantial practice of employment and labor law and the litigation of numerous class action lawsuits; and (d) is committed to zealous advocate on behalf of its clients and the vigorous prosecution of this action. Accordingly, the undersigned counsel satisfies the adequacy of representation requirements of Rule 23(g).

39. The requirements of Rule 23(b)(3) are also satisfied. Common questions of law and fact—as described throughout—exist as to the claims of all members of the proposed class and predominate over issues affecting only individual class members. Further, a class action is the superior, if not only, method for the fair and efficient adjudication of this controversy.

40. Class treatment will permit the large numbers of similarly-situated former employees to prosecute their respective claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, and expense that scores individual actions

would produce. By prosecuting these claims as a class action, class members who would otherwise be afraid of retaliation or reprisal by Stupp may receive just compensation for Defendant's bad acts; and those class members who would be unable to prosecute their claims due to financial reasons will be able to receive just compensation for the statutory violations visited upon them.

41. Lastly, the notice requirements of Rule 23(c)(2) may be provided to the Class by first-class mail delivered to the addresses maintained for each Class member by Stupp, and/or through alternative means, including electronic mail (e-mail), social network notices (*i.e.*, Facebook posts), and community postings.

## CLAIMS FOR RELIEF

### COUNT I – ON BEHALF OF THE CLASS
### FAILURE TO GIVE NOTICE PURSUANT TO THE WARN ACT

42. Plaintiff incorporates by reference the allegations set forth above as if fully set forth herein.

43. Stupp is a business subject to the provisions of the WARN Act, as codified at 29 U.S.C. § 2101 *et seq.*, and is an "employer" under the Act because Defendant employs 100 or more employees, excluding part-time employees.

44. Defendant is engaged in interstate commerce and its employees, including Plaintiff and the Class, are engaged in interstate commerce.

45. Section 2 of the WARN Act establishes that:

> [a]n employer shall not order a plant closing or mass layoff until the end of a 60-day period after the employer serves written notice of such an order … to each representative of the affected employees as of the time of the notice or, if there is no such representative at that time, to each affected employee.

29 U.S.C § 2102(a).

46. The term "plant closing" is defined by the Act as:

8

the permanent or temporary shutdown of a single site of employment, or one or more facilities or operating units within a single site of employment, if the shutdown results in an employment loss at the single site of employment during any 30-day period for 50 or more employees excluding any part-time employees.

29 U.S.C. § 2101(a)(2).

47. The Term "mass layoff" is defined by the Act as:

a reduction in force which—(A) is not the result of a plant closing; and (B) results in an employment loss at the single site of employment during any 30-day period for— (i) (I) at least 33 percent of the employees (excluding any part-time employees); and (II) at least 50 employees (excluding any part-time employees); or (ii) at least 500 employees (excluding any part-time employees)[.]

29 U.S.C. § 2101(a)(2).

48. Further, the term "affected employees" is defined by 29 U.S.C. §2101(a)(5) as an "employees who may reasonably be expected to experience an employment loss as a consequence of a proposed plant closing or mass layoff by their employer."

49. Plaintiff and Class members are "affected employees" under the Act.

50. At all relevant times hereto, Plaintiff and Class members have been entitled to the rights, protections, and benefits provided under the WARN Act.

51. Accordingly, Defendant was required by law to give Plaintiff and Class members 60-days' notice of the Manufacturing Facilities' impending mass layoffs.

52. No exception to the WARN Act is applicable here.

53. As alleged *supra*, Defendant failed give the notice required under the WARN Act prior to the termination of Plaintiff and Class members.

54. Defendant did not act in good faith or with reasonable grounds when it propounded the Notice but failed to provide the requisite 60-day period before terminating Plaintiff and the Class.

55. Defendant failed to give any explanation, under the WARN Act or otherwise, as to why the Manufacturing Facilities would be implementing mass layoffs.

56. Accordingly, Plaintiff is authorized to bring this action against Defendant for its violation of the WARN Act pursuant to 29 U.S.C. § 2104(a)(1).

57. Plaintiff and Class members are entitled to back pay for each day of Defendant's violation at a rate of compensation not less than the higher of the average regular rate received by Plaintiff or Class member during the last 3 years of employment or the final regular rate received by such employee.

58. The WARN Act notice must be determined from the date the Notice was received and Defendant's liability must be calculated for the date of the violation – the date which Plaintiff and the Class were terminated – up to the requisite 60 workdays.

59. Additionally, Plaintiff and Class members are entitled to their ordinary employment benefits or their reasonable value benefits as defined under 29 U.S.C. § 1002, including the cost of medical expenses incurred during the employment loss which would have been covered under an employee benefit plan if the employment loss had not occurred, if applicable.

60. Accordingly, Plaintiff and Class members are aggrieved employees, have suffered economic harm due to Defendant's actions, and are entitled to up to 60-days' back pay and continued benefits, pre- and post-judgment interest, reasonable attorney's fees, and the costs of this action, all in an amount to be determined at trial.

**PRAYER FOR RELIEF**

**WHEREFORE** Plaintiff, individually and on behalf of all others similarly situated, prays for relief as follows:

A. An Order certifying the Class, identified herein, as a class action pursuant to FED. R. CIV. P. 23(a), (b)(2), and/or (b)(3) and appointing Plaintiff as class representatives and appointing the undersigned counsel as the Class Counsel;

B.  An Order awarding Plaintiff and the Class members unpaid wages, salary, commission, bonuses, any unpaid accrued holiday pay, any unpaid accrued vacation pay, pension and 401(k) contributions, and any other ERISA benefits for up to 60 work days following the termination of Plaintiff and/or the Class members, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for the relevant period, as determined in accordance with Section 4 of the WARN Act, as codified at 29 U.S.C. § 2104(a)(1), in an amount to be determined at trial;

C.  An Order awarding Plaintiff and the Class members pre-judgment and post-judgment interest, reasonable attorneys' fees, expert-witness fees, and other costs as may be available under law; and

D.  An Order awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial on all issues so triable.

Respectfully submitted,

Dated: March 18, 2021

By: */s/ Daniel Centner*
Daniel Centner
**PEIFFER WOLF CARR KANE & CONWAY, APLC**
1519 Robert C. Blakes Sr. Drive
New Orleans, LA 70130
Ph: 504-523-2434
Email: dcentner@peifferwolf.com

Brandon M. Wise*
Adam J. Florek*
**PEIFFER WOLF CARR KANE & CONWAY, APLC**
818 Lafayette Ave., Floor 2
St. Louis, MO 63104
Ph: 314-833-4825
Email: bwise@peifferwolf.com
Email: aflorek@peifferwolf.com

**pro hac vice* motion forthcoming*

*Attorneys for Plaintiff, Individually and on Behalf of All Others Similarly Situated*